HENRY HATFIELD *vs.* WILLIAM BOSWELL, Sheriff.

If a *ca. sa.* is issued on a judgment recovered for seduction, the act entitled 'A supplement to the act for the relief of persons imprisoned on civil process," *Pamph. L.* 1854, *p.* 522, does not prevent the sheriff from taking bond of the defendant according to the act entitled, "An act abolishing imprisonment for debt on civil process in certain cases," approved April 15th, 1846.

---

In this case a judgment had been obtained in this court in 1845, by Henry Hatfield against Isaac Scudder Berrien, for the seduction of Julia Hunt, upon which a *ca. sa.* was issued, returnable to June term, 1854, endorsed as follows: "*Capias ad satifaciendum* in trespass for the seduction of Julia Hunt," and placed in the hands of William Boswell, sheriff of the county of Mercer, who returned that he had

taken an insolvent bond and inventory according to law, and therewith returned the same, and had discharged the defendant from custody ; thereupon this action for an escape was commenced.

The declaration was in debt, in the usual form in such cases.

To this declaration the defendant pleaded three pleas.

1. The general issue.

2. That after he had arrested Berrien, the said Berrien gave bond and inventory, in the usual form, to petition for the benefit of the insolvent laws, according to the statute, and that thereupon the said Berrien was discharged according to law.

3. Plea in substance the same.

On the first plea issue was joined, and to the second and third, the plaintiff filed general demurrers, and the defendant filed his several joinders therein.

The case was argued before the CHIEF JUSTICE and Justices OGDEN and POTTS, by *Hamilton* and *Dayton*, for the plaintiff, and *Beasley*, for the defendant.

POTTS, J. In this case a judgment had been recovered by Hatfield against one Berrien, in this court, in 1845, for the seduction of Julia Hunt, upon which a *ca. sa.* was issued, returnable to June term last, with an endorsemen; that it was in trespass for seduction, &c., and placed in the hands of William Boswell, sheriff of the county of Mercer, who returned, that he had arrested the said Berrien, had taken an insolvent bond and inventory according to law, and had therewith returned the same, and had discharged the defendant from custody.

Thereupon the plaintiff commenced an action against the sheriff for an escape, setting out the facts in the usual form in such cases, in his declaration.

The defendant pleaded—first, the general issue ; and

secondly and thirdly, in substance, the giving of the bond and inventory; and that he thereupon discharged Berrien, in pursuance of the statute, as he lawfully might, &c.

To these last two pleas the plaintiff demurred.

The question, whether this demurrer is well taken, depends upon the construction of the supplement to the act for the relief of persons imprisoned on civil process, *Pamph L.* 1854, *p.* 522, particularly the third section of that supplement, which enacts " that no person who shall be under arrest on mesne or final process, heretofore or hereafter to be issued for any cause of action, or for damages recovered against him for the seduction of any female, or for any act done or omitted, for which, according to the laws of this state, an indictment will lie, shall be entitled, upon giving bond pursuant to the act to which this is a supplement, to have liberty to walk within the prison bounds, nor shall he have or be entitled to any of the benefits of the act to which this is a supplement, or any of the supplements thereto."

The " act for the relief of persons imprisoned on civil process," *Rev. St.* 325, provides the mode in which persons in actual confinement for debt or damages in any of the jails in this state may obtain relief. They are to present a petition to the Court of Common Pleas for a discharge, accompanied with an inventory, &c.; a hearing is to be appointed, of which notice is to be given to creditors; at the hearing, they are to be examined on interrogatories, and to be discharged on executing an assignment of their property for the benefit of creditors, &c., or to be remanded, &c.; provision is made for a trial by jury, if demanded, and if fraud is proved a discharge is to be denied. And the act provides, among other things, that the Court of Common Pleas shall mark and lay out prison bounds; and any such prisioner, by giving bonds to the sheriff with sufficient sureities that he will keep within the prison bounds, shall have liberty to walk therein. And a supplement to

this act, *Pamph. L.* 1853, *p.* 21, provides, that though a prisoner be refused a discharge, he may still give bonds for the prison bounds, and renew his application for a discharge, and thereupon the court may grant him a new trial.

The supplement of 1854 relates exclusively to this act and the supplement of 1853. It denies to a defendant who is in custody in an action for seduction, &c., all the benefits of those acts. He may apply for a discharge; but if it appears that he is in custody charged or convicted of seduction, &c., he cannot be discharged; he is not permitted to renew his application, nor to be allowed to walk in the prison bounds. This is the whole extent of the supplement.

. Now the proceeding of the sheriff, which is charged as suffering an escape, and for which this action is brought, was had not under the " act for the relief of persons imprisoned on civil process," but under the " act abolishing imprisonment on civil process in certain cases," *Rev. St.* 323, and this act expressly provides that any person arrested or held in custody by any sheriff, &c., in any civil action upon mesne process or process of execution, &c., shall be discharged from arrest or custody by such officer, upon making out and delivering an inventory, &c., and giving bond &c., with a condition to appear before the next Court of Common Pleas, &c., and petition for the benefit of the insolvent laws, comply with the requirements of said laws, and appear at every subsequent court until discharged; and if refused a discharge, surrender himself immediately to the sheriff, &c. It provides further, that any person so giving bond shall be entitled to apply for a discharge; and that the sheriff's return, that he has discharged the defendant, accompanied with the bond and inventory, and the delivery of the bond to the plaintiff, shall exonorate the officer from any liability for an escape.

The provisions of this act remain in full force. They

Hatfield *v.* Boswell.

are in no way affected, modified, or changed by the act of 1854. Nor is there anything incongruous or conflicting in the several statutes taken together. A defendant, when arrested in any civil action upon mesne or final process, may be enlarged upon giving the inventory and bond prescribed by the "act abolishing imprisonment on civil process in certain cases." If he refuse to do this, he is placed at once "in actual confinement in jail." If he does give the inventory and bond, and is enlarged, he must apply for his discharge at the next Court of Common Pleas ; and here it is, when the party is in actual confinement in jail, or applies for a discharge, that he first invokes the aid of the provisions of the "act for the relief of persons imprisoned on civil process." Then the supplement of 1854 meets him, and if it finds him in custody in an action for seduction, &c., it cuts him off from all the benefits of that act. He can neither be discharged from imprisonment, nor get the benefit of the prison bounds, nor make any further application for a discharge.

Now the defendant here pleads in bar to this action for an escape, in substance, that he discharged the defendant from custody under the authority of the "act abolishing imprisonment on civil process in certain cases." He sets out a compliance, on his part, with the provisions of this act, and the demurrer admits the facts so pleaded.

I think the pleas are good, and the demurrer must be overruled.

The Chief Justice and Ogden, J., concurred.